George L. Hampton IV (State Bar No. 144433)
ghampton@hamptonholley.com
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 100
Corona del Mar, California 92625
Telephone: 949.718.4550
Facsimile: 949.718.4580

Attorneys for Defendant
Uchechi Opaigbeogu

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY** |
| vs. | |
| OPAIGBEOGU MHT LLC, a Maryland limited liability company; UCHECHI OPAIGBEOGU, an individual; and DOES 1 through 10, inclusive,, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant UCHECHI OPAIGBEOGU, pursuant to 28 USC §§ 1332, 1441 and 1446, hereby removes the instant action styled BALBOA CAPITAL CORPORATION, a California corporation ("BALBOA") v. OPAIGBEOGU MHT LLC ("OPAIGBEOGU MHT") a Maryland limited liability company; UCHECHI OPAIGBEOGU, an individual; and DOES 1 through 10, inclusive, Case Number 30-2017-00926985, from the Superior Court of

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 100
Corona del Mar, California 92625

the State of California for the County of Orange, to the United States District Court for the Central District of California, and states:

1.     On June 19, 2017, Balboa Capital Corporation commenced an action against OPAIGBEOGU MHT, OPAIGBEOGU, and ten unidentified "Does" in the Superior Court of the State of California for the County of Orange entitled *Balboa Capital Corporation v. Opaigbeogu MHT LLC, et al.*, as case number 30-2017-00926985.  A true and correct copy of all documents presently on file in that action are attached hereto as Exhibit A.

2.     The first date upon which defendant OPAIGBEOGU received notice of the complaint was July 1, 2017, when defendant was served with a copy of the summons and complaint.  A copy of the summons is attached hereto as Exhibit A.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.     BALBOA's Orange County Superior Court action seeks damages in excess of $405,847.06 exclusive of interest, attorney's fees and costs, arising from claims concerning an alleged commercial financing agreement.

5.     Complete diversity of citizenship exists between the parties in that:

(a)     BALBOA is a California corporation, with its principal place of business located in the City of Costa Mesa, County of Orange, State of California. See Exhibit A;

(b)     Based on information and belief,  OPAIGBEOGU MHT is a Maryland limited liability company with its principal place of business located in Oxon Hill Maryland.  OPAIGBEOGU is informed and believes that he may have been identified as the sole member of OPAIGBEOGU MHT.  However,  OPAIGBEOGU MHT was formed by a third party without OPAIGBEOGU's direct involvement and

4844-2280-6604 v.1

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 100
Corona del Mar, California 92625

OPAIGBEOGU has never conducted any business operations by or through OPAIGBEOGU MHT; and

(c)   OPAIGBEOGU is a resident of, and domiciled in, Prince Georges County, State of Maryland.

6.   Co-Defendants "Does 1 through 10" are unidentified and undetermined persons or entities sued under fictitious names and their citizenship is disregarded pursuant to 28 U.S.C. § 1441(a).

7.   None of the defendants are a citizen of the State of California.

8.   Pursuant to Central District Local Rule 7.1-1, attached hereto as Exhibit B is a copy of the Certification and Notice of Interested Parties, which is filed concurrently herewith.

9.   This petition for removal was filed within thirty (30) days of the date on which OPAIGBEOGU became aware of the lawsuit.

10.   Because  OPAIGBEOGU MHT was created by a third party without OPAIGBEOGU's direct involvement, has no purported members other than OPAIGBEOGU, and has not conducted business operations, there is no basis for OPAIGBEOGU MHT to consent to or oppose removal.

11.   Upon filing this petition for removal, OPAIGBEOGU will serve notice on all parties of record and to the Clerk of the Court of the Superior Court of the State of California for the County of Orange.

WHEREFORE, defendant OPAIGBEOGU respectfully requests that the action described above be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

HAMPTONHOLLEY LLP

By: _____
George L. Hampton IV
Attorneys for Defendant
Uchechi Opaigbeogu

4844-2280-6604 v.1

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 100
Corona del Mar, California 92625

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MICHELLE A. CHIONGSON, ESQ.          SBN:  221740<br>BALBOA CAPITAL CORPORATION<br>575 Anton Boulevard, 12th Floor, Costa Mesa, California 92626<br>TELEPHONE NO.:949-399-6303          FAX NO.:949-224-2703 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/19/2017** at 03:55:56 PM<br>Clerk of the Superior Court<br>By Veronica Corral,Deputy Clerk |

ATTORNEY FOR *(Name):*Balboa Capital Corporation

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE:Santa Ana, 92701
BRANCH NAME:Central Justice Center

CASE NAME: Balboa Capital Corporation vs. Opaigbeogu MHT LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 30-2017-00926985-CU-CO-CJC |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge John C. Gastelum<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[X] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is   [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June    , 2017

MICHELLE A. CHIONGSON, ESQ.
(TYPE OR PRINT NAME)                         ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
         or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

MICHELLE A. CHIONGSON (SBN 221740)
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303/Fax: (949) 224-2703

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 03:55:56 PM

Clerk of the Superior Court
By Veronica Corral, Deputy Clerk

Attorneys for Plaintiff

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

Judge John C. Gastelum

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation <br><br> Plaintiff, <br><br> vs. <br><br> OPAIGBEOGU MHT LLC, a Maryland limited liability company; UCHECHI OPAIGBEOGU, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 30-2017-00926985-CU-CO-CJC <br><br> **PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:** <br><br> 1. **BREACH OF INSTALLMENT PAYMENT AGREEMENT;** <br> 2. **RECOVERY OF POSSESSION OF PERSONAL PROPERTY;** <br> 3. **BREACH OF GUARANTY;** <br> 4. **INDEBTEDNESS;** <br><br> Amount sought is no less than $405,847.06 |

Plaintiff BALBOA CAPITAL CORPORATION alleges as follows:

## PRELIMINARY ALLEGATIONS

1.     Plaintiff BALBOA CAPITAL CORPORATION (hereinafter referred to as "BALBOA") is, and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business in the City of Costa Mesa, County of Orange, State of California.

2.     BALBOA is informed and believes, and thereon alleges, that Defendant OPAIGBEOGU MHT LLC, a Maryland limited liability company (hereinafter referred to as "Defendant OPAIGBEOGU MHT") is, and at all times mentioned herein was, a Maryland limited liability company doing business in Prince George's County, State of Maryland.

3.     BALBOA is informed and believes, and thereon alleges, that Defendant UCHECHI OPAIGBEOGU, an individual (hereinafter referred to as "Defendant GUARANTOR") is, and at all times herein mentioned was, an individual residing and doing business in Prince George's County, State of Maryland.

4.     BALBOA is informed and believes, and thereon alleges, that Defendant GUARANTOR is an officer, director, shareholder, agent and/or owner of Defendant OPAIGBEOGU MHT.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to BALBOA which, therefore, sues said Defendants by such fictitious names and BALBOA will amend this Complaint to show their true names and capacities when the same have been ascertained.

6.     BALBOA is informed and believes, and thereon alleges, that each of the fictitiously-named Defendants are liable to BALBOA as hereinafter alleged, and that BALBOA's rights against such fictitiously-named Defendants arise from such liability.

7.     At all times mentioned herein, Defendants were the agents, servants and employees of their Co-Defendants and, in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees, with the permission and consent of their Co-Defendants.

8.     The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

9.     Pursuant to the Installment Payment Agreement and Guaranty described herein below, Defendant OPAIGBEOGU MHT and Defendant GUARANTOR agreed that the Installment Payment Agreement would be governed by the laws of the State of California. In addition, the Installment Payment Agreement provide, in pertinent part, as follows:

1   General: . . . This IPA will be governed by the laws of the State of
2   California without regard to conflict of law principles and is
    deemed to have been made and performed in Orange County,
3   California. DEBTOR SUBMITS TO THE JURISDICTION OF
    CALIFORNIA AND AGREES THAT THE CA STATE COURTS
4   AND/OR THE UNITED STATES DISTRICT COURT FOR THE
    CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA
5   DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER
    ANY ACTION OR PROCEEDING TO ENFORCE THIS IPA OR
6   ANY ACTION OR PROCEEDING ARISING OUT OF OR
    RELATING TO THIS IPA.

7   **FIRST CAUSE OF ACTION**

8   (Breach of Installment Payment Agreement Against Defendant OPAIGBEOGU MHT)

9   10.    BALBOA incorporates Paragraphs 1 through 9, inclusive, of the Preliminary

10  Allegations herein as though set forth in full.

11  ***INSTALLMENT PAYMENT AGREEMENT NO. 250019-000:***

12  11.    On or about December 14, 2016, BALBOA executed and delivered to Defendant

13  OPAIGBEOGU MHT a certain written Installment Payment Agreement No. 250019-000

14  (hereinafter referred to as the "IPA"), under the terms of which BALBOA loaned Defendant

15  OPAIGBEOGU MHT the principal sum of three hundred six thousand dollars ($306,000.00).

16  The IPA required Defendant OPAIGBEOGU MHT to make six (6) initial monthly payments of

17  $396.00 and then sixty (60) monthly payments of $7,596.00, payable on the fourteenth day of

18  each month, beginning December 14, 2016. A true and correct copy of the IPA is attached hereto

19  as Exhibit "1" and incorporated herein by reference.

20  12.    The last payment received by BALBOA was credited toward the monthly payment

21  due for May 14, 2017. Therefore, on or about June 14, 2017, Defendant OPAIGBEOGU MHT

22  breached the IPA by failing to make the monthly payment due on that date and, therefore, is due

23  for the June 14, 2017 monthly payment, plus other sums due under the terms of the IPA in the

24  total amount of $7,596.00. Defendant OPAIGBEOGU MHT's failure to make timely monthly

25  payments is a default under the terms of the IPA.

26  13.    In accordance with the IPA, and as a proximate result of Defendant

27  OPAIGBEOGU MHT's default thereunder, BALBOA declared the entire balance of the monthly

28  payments under the IPA to be immediately due and payable to BALBOA.  In addition, pursuant

1  to the IPA, BALBOA is entitled to recover all accelerated payments due under the IPA,

2  discounted to their present value at the discount rate of five percent (5%). Therefore, there

3  became due the sum of $398,251.06. These amounts are exclusive of interest, attorneys' fees and

4  costs, no portion of which sum has been paid by Defendant OPAIGBEOGU MHT.

5      14.    BALBOA has performed all of the terms, conditions, and covenants required to be

6  performed by BALBOA under the terms of the IPA, except as excused or prevented by the

7  conduct of Defendant OPAIGBEOGU MHT.

8      15.    As a proximate result of Defendant OPAIGBEOGU MHT's breach of the IPA,

9  BALBOA has been damaged in the total sum of $405,847.06, plus interest at the rate of ten

10  percent (10%) per annum from June 14, 2017 until the entry of judgment herein.

11      16.    Under the terms of the IPA, Defendant OPAIGBEOGU MHT promised to pay all

12  costs, including reasonable attorneys' fees, incurred by BALBOA in the enforcement of the IPA.

13  Therefore, BALBOA requests the Court award BALBOA its reasonable attorneys' fees and costs.

14                              **SECOND CAUSE OF ACTION**

15                  (Recovery of Possession of Personal Property Against All Defendants)

16      17.    BALBOA incorporates Paragraphs 1 through 16, inclusive, of the Complaint

17  herein as though set forth in full.

18      18.    Following a default thereunder, the terms of the IPA provide that BALBOA is

19  entitled to recover immediate possession of the Collateral for disposition under the terms of the

20  IPA.

21      19.    Although BALBOA has demanded that Defendant OPAIGBEOGU MHT and

22  Defendant GUARANTOR surrender possession of the Collateral, Defendant OPAIGBEOGU

23  MHT and Defendant GUARANTOR continue to withhold possession of the Collateral in

24  violation of BALBOA's right to possession. This Complaint, in addition to previous demands,

25  shall constitute demand upon Defendant OPAIGBEOGU MHT and Defendant GUARANTOR to

26  surrender possession of the Collateral to BALBOA.

27

28

20.     BALBOA is entitled to a judgment for possession of the Collateral and an order that BALBOA may, thereafter, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the loan balance.  Alternatively, if possession cannot be had, BALBOA is entitled to recover the value of the Collateral from Defendant OPAIGBEOGU MHT and Defendant GUARANTOR.

### THIRD CAUSE OF ACTION

(Breach of Guaranty Against Defendant GUARANTOR)

21.     BALBOA incorporates Paragraphs 1 through 20 inclusive, of the Complaint herein as though set forth in full.

22.     Concurrent with the execution of the IPA and in order to induce BALBOA to enter into the IPA with Defendant OPAIGBEOGU MHT, Defendant GUARANTOR guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to BALBOA under the terms of the IPA. A true and correct copy of the written Personal Guaranty (hereinafter referred to as the "IPA Guaranty") is attached hereto as Exhibit "1" and incorporated herein by reference.

23.     Following a default by Defendant OPAIGBEOGU MHT under the terms of the IPA, BALBOA demanded Defendant GUARANTOR make the payments required under the IPA.

24.     Pursuant to the terms of the IPA Guaranty, the sum of $405,847.06, plus interest at the rate of ten percent (10%) per annum from June 14, 2017 is due and payable to BALBOA from Defendant GUARANTOR.  This Complaint, in addition to previous demands, shall constitute demand upon Defendant GUARANTOR to pay the entire indebtedness due and owing from Defendant OPAIGBEOGU MHT to BALBOA under the terms of the IPA.

25.     Under the terms of the Guaranty, Defendant GUARANTOR promised to pay all costs, including reasonable attorneys' fees, incurred by BALBOA in the enforcement of the IPA and the IPA Guaranty.  Therefore, BALBOA requests the Court award BALBOA its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Indebtedness Against All Defendants)

26.     BALBOA incorporates Paragraphs 1 through 25, inclusive, of the Complaint herein as though set forth in full.

27.     Defendant OPAIGBEOGU MHT and Defendant GUARANTOR are indebted to BALBOA in the sum of $405,847.06, plus interest at the rate of ten percent (10%) per annum from June 14, 2017.

WHEREFORE, BALBOA prays for Judgment against Defendants, and each of them, as follows:

### AS TO THE FIRST AND THIRD CAUSES OF ACTION

1.     For the total sum of $405,847.06, plus interest at the rate of ten percent (10%) per annum from June 14, 2017;

2.     For other fees and charges in an amount to be proven at trial; and

3.     For reasonable attorneys' fees and costs.

### AS TO THE SECOND CAUSE OF ACTION

4.     For an order to recover possession of the Collateral which is the subject of the IPA or, if the Collateral cannot be delivered, for its reasonable value according to proof.

### AS TO THE FOURTH CAUSE OF ACTION

5.     For the principal sum of $405,847.06, plus interest at the rate of ten percent (10%) per annum from June 14, 2017.

### AS TO ALL CAUSES OF ACTION

6.     For costs of suit incurred herein; and

7.     For such other and further relief as the Court may deem just and proper.

BALBOA CAPITAL CORPORATION

Dated: June 19, 2017          By: _____
                                  MICHELLE A. CHIONGSON
                                  Attorney for Plaintiff
                                  BALBOA CAPITAL CORPORATION

6

Exhibit "1"



# BALBOA
## C A P I T A L

**MHT**
**Installment Payment Agreement**

Agreement No. 250019-000

| DEBTOR: Opaigbeogu MHT LLC | TERM: |
|---|---|
| ADDRESS: 6188 Oxon Hill Road 701 Oxon Hill, MD 20745 | 66 |

**PAYMENT SCHEDULE:** 1-6 @ $398.00, 7-66 @ $7,596.00

**SOFTWARE:** One or more Licenses for Software including related Software Documents which also may include items of personal property as generally described herein which Balboa Capital Corporation and Debtor agree that a more detailed description of the property being financed shall be maintained by Creditor among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Installment Payment Agreement and shall be provided to Debtor promptly upon request.

**SOFTWARE DESCRIPTION:** See Exhibit "A" Invoices or Schedules for description of Equipment and Supplier

**Agreement:** This Installment Payment Agreement ("IPA") is between the Debtor named above ("Debtor"), and Balboa Capital Corporation ("Creditor"). Debtor and its vendor(s) have entered into an agreement ("License" and with any related documents "Software Documents") for the licensing of certain software to Debtor ("Software") and/or the provision of certain services by vendor(s) to Debtor as specified in the License. Pursuant to the Software Documents, Debtor is obligated to pay vendor(s) the full amount of the fee needed to license the Software and pay for related services ("Fee"), plus all applicable taxes. Creditor and Debtor have agreed that instead of Debtor making payments of the Fee to vendor(s), Creditor shall instead make such payments of the Fee on behalf of Debtor to vendor(s) under the Software Documents, and Debtor hereby agrees to make installment payments (each a "Payment") and discharge its other obligations set forth herein.

**Promise to Pay:** Debtor promises to pay to Creditor the Payments set forth above. The first Payment is due at the commencement of Creditor's applicable billing cycle as specified by Creditor; each subsequent Payment is due on the same date of each proceeding month until all Payments have been received by Creditor. Each date a Payment is due is a "Due Date" and along with the Payment due on the first Due Date, Debtor agrees to pay us prorated rent for an amount equal to 1/30th of the Payment amount for each day calculated from the date Creditor paid the vendor until the first Due Date. If any Payment or other amounts from Debtor to Creditor are not received by Creditor when due, Debtor agrees to pay a late charge equal to the greater of 10% of such amount or $25.00. In the event a check is returned unpaid or an ACH debit is not honored, Debtor agrees to pay a fee of $30.00 or, in either of the two foregoing instances, the highest rate allowed by applicable law if less. Creditor may transfer or assign this IPA in whole or in part without notice to or the consent of Debtor. Debtor agrees that it will not assert against any such assignee any claim or setoff which it may have against Creditor. Debtor may not assign this IPA without the prior written consent of Creditor. Payments, Taxes and Fees; Indemnification: Failure to receive an invoice does not affect the obligation of Debtor to pay all amounts due under this IPA. Debtor agrees to pay when due and to indemnify and hold Creditor harmless from, all taxes, fees, interest and penalties ("Taxes") relating to the use or ownership of the Software. Creditor may in its sole discretion, pay or collect any such Taxes directly to a taxing authority and if to Debtor agrees to reimburse Creditor on demand for any such Taxes together with any filing or processing fee charged by Creditor. If any taxing authority requires any Taxes to be paid in advance or on any periodic basis, Creditor may increase the Fee thereby increasing each Payment to reflect the payment of such Taxes. Debtor also agrees to pay us any filing fees prescribed by the Uniform Commercial Code or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You further agree to pay us an origination fee on or before the first Due Date and a termination fee. Debtor also agrees that in addition to the other payments due under this IPA, Creditor may assess and Debtor may be required to pay additional taxes and/or fees including an invoice fee. Such fees may not only cover Creditor's costs, they may also include a profit. Debtor agrees to indemnify and hold Creditor harmless from any suits, claims, losses or damages Creditor may suffer in any way relating to the use or ownership of the Software. Debtor's obligations under this section shall survive the expiration or early termination of this IPA.

**Application of Payments:** All payments made by Debtor pursuant to this IPA may be applied in any order that Creditor shall determine.

**Absolute Obligation:** Debtor's obligation to make the Payments to Creditor to pay and perform Debtor's other obligations hereunder, SHALL BE ABSOLUTE, UNCONDITIONAL, NON-PREPAYABLE, NON-CANCELLABLE, AND SHALL NOT BE SUBJECT TO ANY ABATEMENT, SET-OFF, COUNTERCLAIM, REDUCTION OR DEFENSE FOR ANY REASON WHATSOEVER. Debtor agrees that it will not assert against Creditor any claim that it may have against vendor(s), regardless of whether or not (i) the Software performs or does not perform in accordance with the Software Documents; (ii) vendor(s) or Debtor has breached any of its obligations under the Software Documents; or (iii) the licenses granted pursuant to the Software Documents and/or any maintenance, support, or other services provided thereunder have expired, been revoked or otherwise terminated or are unsatisfactory for any reason. Debtor has reviewed the license, is satisfied with all of its terms and neither it nor vendor(s) is in default of any provision thereof. In the event of any default by vendor(s) under the Software Documents, Debtor's sole remedy, if any, shall be against vendor(s). DEBTOR ACKNOWLEDGES THAT CREDITOR MAKES NO WARRANTIES CONCERNING THE SOFTWARE (INCLUDING WHETHER THE

USE OF THE SOFTWARE VIOLATES ANY PARTY'S RIGHTS), SERVICES, OR MAINTENANCE COVERED BY THE SOFTWARE DOCUMENTS, INCLUDING ANY WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE OR OF MERCHANTABILITY. DEBTOR HEREBY WAIVES ANY CLAIM THAT IT MAY HAVE AGAINST CREDITOR FOR ANY LOSS OR DAMAGE EXPENSE ARISING OUT OF THE SOFTWARE OR ANY SERVICES COVERED BY THE SOFTWARE DOCUMENTS, DEBTOR ACKNOWLEDGES THAT CREDITOR DID NOT SELECT, OR CREATE THE SOFTWARE OR PROVIDE ANY SERVICES RELATED TO IT.

**Representations, Warranties and Covenants:** Debtor represents warrants and covenants to Creditor that all information furnished to Creditor is and will be true, complete correct and not misleading. Debtor will use the Software for commercial purposes only and not for personal, family or household use. Debtor shall comply with all applicable laws relating to this IPA and the Software, and Debtor shall not assign, pledge or transfer any of its interests in or obligations under the License of this Software or permit any lien or encumbrance hereon or thereon without the prior written consent of Creditor and shall at all times during the term hereof keep the license in full force and effect. In order to secure the due payment and performance of all of Debtor's obligations and abilities to Creditor, whether now existing or hereafter arising under this IPA, Debtor hereby grants to Creditor a security interest in all of its rights in the License and all proceeds thereof and Debtor grants to Creditor the right to file financing statements in Debtor's name to perfect and maintain the rights granted hereby.

**Default:** Each of the following events shall constitute a "Default": (i) Debtor fails to pay when due any amount due hereunder; (ii) Debtor breaches any representation, warranty or covenant herein; (iii) Debtor becomes insolvent, files or has filed against it a petition under the Bankruptcy Code, makes an assignment for the benefit of creditors, admits its inability to pay its debts as they become due, terminates its entity existence or takes any actions regarding the cessation or winding up of its business affairs; (iv) Debtor admits its inability to pay or (v) any of the above Defaults occurs with respect to any guarantor.

**Remedies:** Upon the occurrence of any Default, Debtor agrees that: (a) Creditor may without notice or demand declare a sum then due and owing under this IPA and all remaining Payments discounted at 3% immediately due and payable (the "Accelerated Balance"); (b) Creditor may directly debit Debtor's bank account(s) to collect the Accelerated Balance. After the occurrence of a Default hereunder, Creditor may (i) provide notice to Debtor, or Creditor may request vendor(s) to require Debtor to immediately cease using the Software; (ii) de-install and delete all copies of the Software from any computer systems of Debtor or used for Debtor's benefit, without liability to Creditor or vendor(s); and (iii) pay all costs and expenses of collection including, without limitation, reasonable attorneys' fees and costs incurred in connection with enforcement of Creditor's rights and remedies under this IPA. No right or remedy is exclusive of any other provided in this IPA, and all rights and remedies shall be cumulative and may be enforced concurrently or individually from time to time.

**General:** No waiver on the part of Creditor in exercising any right hereunder shall operate as a waiver of any other right. All notices from either party to the other shall be in writing and delivered by mail at the address as set forth herein or such other address hereafter designated by a party and deemed delivered upon mailing. This IPA will be governed by the laws of the State of California without regard to conflict of law principles and is deemed to have been made and performed in Orange County, California. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND AGREES THAT THE CA STATE COURTS AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS IPA OR ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS IPA. This IPA constitutes the entire understanding between the parties with respect to the subject matter and shall not be amended, altered or changed except by a written agreement signed by the parties. If any provision of this IPA is held to be unenforceable, the other provisions of this IPA will remain in full force and effect. No provision of this IPA may be amended except by a written instrument signed by Creditor. All obligations of the Debtor, if Debtor is more than one person, shall be joint and several. All amounts not paid when due shall accrue interest at 1.5% per month or, if lower, the highest rate allowed by applicable law and shall be payable by Debtor upon demand. This IPA may be executed in separate counterparts, which together shall constitute one in the same instrument. Debtor agrees this document may be singed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this IPA shall be deemed to be an original for all purposes.

Debtor hereby irrevocably authorizes and directs Creditor to pay the vendor(s) on behalf of the Debtor. The person executing the Agreement is authorized to do so, making this Agreement the valid and binding act of the Debtor.

| Debtor Name: Opaigbeogu MHT LLC | | Creditor Name: Balboa Capital Corporation | |
|---|---|---|---|
| By: X [signature] | | By: X | |
| Print Name and Title: Uchechi Opaigbeogu   Managing Member | Date X 12/13/16 | Title: Vice President | Date 12/14 |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this IPA and all related Software Documents executed by the Debtor. We may proceed against you before proceeding against the Debtor, the Software or enforce any other remedy. Notwithstanding any changes made to the IPA and/or Software Documents in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the IPA and/or Software Documents are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, jurisdiction and venue provisions of the IPA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor's Signature: X [signature] | Print Name: Uchechi Opaigbeogu | Date X 12/13/16 |
|---|---|---|
| Guarantor's Signature: X | Print Name: | Date |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Creditor, Creditor's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below, or the account from which the Debtor paid any deposit or the fee in conjunction with the execution of this IPA, or, any account from which Debtor paid any obligation under this IPA, for the payment of all amounts owed by Debtor from time to time under the IPA. This authorization is to remain in effect during the term of this IPA. Any incorrect charge will be corrected upon notification to Creditor by either a credit or debit to Debtor's account.

| Bank Name: | Acct Holder Name: |
|---|---|
| Account No: | ABA No: |
| Authorized Signature: X [signature] | Print Name and Title: Uchechi Opaigbeogu   Managing Member   Date X 12/13/16 |

REDACTED

MHTIPA1293



**Medical Home Team**

*Because We Care*

www.medicalhometeam.com

INVOICE

INVOICE # 80001
DATE: December 7, 2016

1575 Heritage Drive, Suite 200 McKinney, TX 75069

Phone: (855) 860-2109

SOLD TO:
Opaigbeogu MHT LLC
6188 Oxon Hill Road, #701
Oxon Hill, MD  20745
Contact:  Uchechi T. Opaigbeogu, MD
Phone:  (240) 899-2000 (Cell): (301) 686-0067 (Office)

SHIP TO:
Opaigbeogu MHT LLC
6188 Oxon Hill Road, #701
Oxon Hill, MD  20745
Contact:  Uchechi T. Opaigbeogu, MD
Phone:  (240) 899-2000 (Cell):  (301) 686-0067 (Office)

| MHT CONTACT | | PAYMENT TERMS | DUE DATE |
|---|---|---|---|
| Scott Postle | | Due on receipt | |

| QTY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| 1 ea. | MHT License & MHT-ACO License with 3 iPads | | |
| 1 ea. | MHT Electronic Health Record w/ Physician Web Portal - 5 year License | | |
| 3 ea. | iPad 4G LTE w/ Custom Operating Apps for MHT EHR / Physician Web Portal | | |
| | Delivery<br>MHT Start-up<br>Implementation<br>Credentialing<br>MHT Training | | |
| | Sales Price<br>(Discount) | $116,034<br>39,534 | $116,034<br>39,534 |
| Bank NOTE: | Medical Home Team Wire Information:<br>Chase Bank W. University McKinney TX 75069<br>Routing #          - Account#. | | |

REDACTED

| | | |
|---|---|---|
| | SUB-TOTAL | $76,500 |
| | | |
| | TOTAL | $76,500 |

Make all checks payable to Medical Home Team
**THANK YOU FOR YOUR BUSINESS!**



**Medical Home Team**

*Because We Care*

www.medicalhometeam.com

**INVOICE**

INVOICE # 80002
DATE: December 7, 2016

1575 Heritage Drive, Suite 200 McKinney, TX 75069

Phone: (855) 860-2109

| SOLD TO: | Opaigbeogu MHT LLC |
|---|---|
| | 6188 Oxon Hill Road, #701 |
| | Oxon Hill, MD 20745 |
| | Contact: Uchechi T. Opaigbeogu, MD |
| | Phone: (240) 899-2000 (Cell): (301) 686-0067 (Office) |

| SHIP TO: | Opaigbeogu MHT LLC |
|---|---|
| | 6188 Oxon Hill Road, #701 |
| | Oxon Hill, MD 20745 |
| | Contact: Uchechi T. Opaigbeogu, MD |
| | Phone: (240) 899-2000 (Cell): (301) 686-0067 (Office) |

| MHT CONTACT | PAYMENT TERMS | DUE DATE |
|---|---|---|
| Scott Postle | Due on receipt | |

| QTY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| 1 ea. | MHT License & MHT-ACO License with 3 iPads | | |
| 1 ea. | MHT Electronic Health Record w/ Physician Web Portal - 5 year License | | |
| 3 ea. | iPad 4G LTE w/ Custom Operating Apps for MHT EHR / Physician Web Portal | | |
| | Delivery | | |
| | MHT Start-up | | |
| | Implementation | | |
| | Credentialing | | |
| | MHT Training          Sales Price | $116,034 | $116,034 |
| | (Discount) | 39,534 | 39,534 |
| Bank NOTE: | Medical Home Team Wire Information: | | |
| | Chase Bank W. University McKinney TX 75069 | | |
| | Routing #          - Account# | | |

|  |  |
|---|---|
| | $76,500 |
| SUB-TOTAL | |
| TOTAL | **$76,500** |

REDACTED

Make all checks payable to Medical Home Team
**THANK YOU FOR YOUR BUSINESS!**

 **Medical Home Team**

**INVOICE**

Medical Home Team
*Because We Care*
www.medicalhometeam.com

INVOICE # 80003
DATE: December 7, 2016

1575 Heritage Drive, Suite 200 McKinney, TX 75069
Phone: (855) 860-2109

SOLD
TO:
Opaigbeogu MHT LLC
6188 Oxon Hill Road, #701
Oxon Hill, MD 20745
Contact: Uchechi T. Opaigbeogu, MD
Phone: (240) 899-2000 (Cell): (301) 686-0067 (Office)

SHIP
TO:
Opaigbeogu MHT LLC
6188 Oxon Hill Road, #701
Oxon Hill, MD 20745
Contact: Uchechi T. Opaigbeogu, MD
Phone: (240) 899-2000 (Cell): (301) 686-0067 (Office)

| MHT CONTACT | | PAYMENT TERMS | DUE DATE |
|---|---|---|---|
| Scott Postle | | Due on receipt | |

| QTY | DESCRIPTION | | UNIT PRICE | LINE TOTAL |
|---|---|---|---|---|
| 1 ea. | MHT License & MHT-ACO License with 3 iPads | | | |
| 1 ea. | MHT Electronic Health Record w/ Physician Web Portal - 5 year License | | | |
| 3 ea. | iPad 4G LTE w/ Custom Operating Apps for MHT EHR / Physician Web Portal | | | |
| | Delivery | | | |
| | MHT Start-up | | | |
| | Implementation | | | |
| | Credentialing | | | |
| | MHT Training | Sales Price | $116,034 | $116,034 |
| | | (Discount) | 39,534 | 39,534 |
| Bank NOTE: | Medical Home Team Wire information: | | | |
| | Chase Bank W. University McKinney TX 75069 | | | |
| | Routing #          - Account# | | | |

**REDACTED**

| | |
|---|---|
| SUB-TOTAL | $76,500 |
| TOTAL | **$76,500** |

Make all checks payable to Medical Home Team
**THANK YOU FOR YOUR BUSINESS!**



**Medical Home Team**
*Because We Care*
www.medicalhometeam.com

INVOICE

INVOICE # 80004
DATE: December 7, 2016

1575 Heritage Drive, Suite 200 McKinney, TX 75069

Phone: (855) 860-2109

SOLD TO:
Opaigbeogu MHT LLC
6188 Oxon Hill Road, #701
Oxon Hill, MD  20745
Contact:  Uchechi T. Opaigbeogu, MD
Phone:  (240) 899-2000 (Cell): (301) 686-0067 (Office)

SHIP TO:
Opaigbeogu MHT LLC
6188 Oxon Hill Road, #701
Oxon Hill, MD  20745
Contact:  Uchechi T. Opaigbeogu, MD
Phone:  (240) 899-2000 (Cell):  (301) 686-0067 (Office)

| MHT CONTACT | PAYMENT TERMS | DUE DATE |
|---|---|---|
| Scott Postle | Due on receipt | |

| QTY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| 1 ea. | MHT License & MHT-ACO License with 3 iPads | | |
| 1 ea. | MHT Electronic Health Record w/ Physician Web Portal - 5 year License | | |
| 3 ea. | iPad 4G LTE w/ Custom Operating Apps for MHT EHR / Physician Web Portal | | |
| | Delivery<br>MHT Start-up<br>Implementation<br>Credentialing<br>MHT Training     Sales Price<br>(Discount) | $116,034<br>39,534 | $116,034<br>39,534 |
| Bank NOTE: | Medical Home Team Wire Information:<br>Chase Bank W  University McKinney TX 75069<br>Routing #:        - Account#: | | |

REDACTED

|  | | |
|---|---|---|
| | SUB-TOTAL | $76,500 |
| | TOTAL | $76,500 |

Make all checks payable to Medical Home Team
THANK YOU FOR YOUR BUSINESS!

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** OPAIGBEOGU MHT LLC, a Maryland limited
*(AVISO AL DEMANDADO):* liability company; UCHECHI OPAIGBEOGU, an
individual; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** BALBOA CAPITAL
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CORPORATION, a California
corporation

<div style="border:1px solid">

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 03:55:56 PM
Clerk of the Superior Court
By Veronica Corral,Deputy Clerk

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, California  92701 | CASE NUMBER:<br>*(Número del Caso):*  30-2017-00926985-CU-CO-CJC<br><br>Judge John C. Gastelum |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: MICHELLE A. CHIONGSON, ESQ.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

BALBOA CAPITAL CORPORATION
575 Anton Boulevard, 12th Floor, Costa Mesa, California 92626                                                949-399-6303

| DATE:<br>*(Fecha)*  06/19/2017 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)*  *Veronica Corral* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Veronica Corral

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

George L. Hampton IV (SBN 144433)
Colin C. Holley (SBN 191999)
**HAMPTONHOLLEY LLP**
2101 East Coast Highway, Suite 100
Corona del Mar, California  92625
Telephone:    949.718.4550
Facsimile:    949.718.4580
E-mail:        ghampton@hamptonholley.com

Attorneys for Defendant Uchechi Opaigbeogu

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/31/2017** at 01:00:00 PM
Clerk of the Superior Court
By Jeanette Torres-Mendoza, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

BALBOA CAPITAL CORPORATION, a
California corporation,

> Plaintiff,

v.

OPAIGBEOGU MHT LLC, a Maryland
limited liability company; UCHECHI
OPAIGBEOGU, an individual; and DOES 1
through 10, inclusive,

> Defendants.

Case No.: 30-2017-00926985

Assigned for all Purposes to:
Honorable Judge John  C. Gastelum
Department C13

**DEFENDANT UCHECHI
OPAIGBEOGU'S ANSWER TO
COMPLAINT**

Action Filed:    June 19, 2017
Trial Date:      None Set

Defendant Uchechi Opaigbeogu ("Defendant") hereby submits his Answer to the

Complaint ("Complaint") filed on June 19, 2017 by Plaintiff, Balboa Capital Corporation

("Plaintiff"), as follows:

## <u>GENERAL DENIAL</u>

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies

both generally and specifically each and every allegation contained in Plaintiff's Complaint.

Furthermore, Defendant generally and specifically denies that Plaintiff is entitled to any of the

relief it seeks, that Plaintiff has been damaged in the manner or in the sums alleged or in any other

manner or sums whatsoever, or at all.  In addition, Defendant alleges the following affirmative

defenses:

- 1 -

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1.      As a first separate and affirmative defense, the Complaint, and each purported cause of action therein, fails to state facts sufficient to state a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.      As a second separate and affirmative defense, Defendant is informed and believes, and based thereon alleges, that the Complaint, and each purported cause of action therein, is barred by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure Sections 337(1), 339(1), and 343.

**THIRD AFFIRMATIVE DEFENSE**

(Another Action Pending)

3.      As a third separate and affirmative defense, Defendant alleges that this action is subject to stay, dismissal, transfer and/or consolidation on the grounds that Defendant is part of a class defined in a class action complaint titled *Patel v. Postle, et al.*, United States District Court, Northern District of Texas, Dallas Division, Case No. 3:17-cv-963, in which Plaintiff is a defendant and which concerns the same or similar claims and transactions against similarly situated parties as alleged in this action.

**FOURTH AFFIRMATIVE DEFENSE**

(Standing)

4.      As a fourth separate and affirmative defense, each and every cause of action alleged in the Complaint is barred, in whole or in part, because Plaintiff lacks standing to seek the relief requested.

**FIFTH AFFIRMATIVE DEFENSE**

(Necessary/Indispensable Parties)

5.      As a fifth separate and affirmative defense, Defendant is informed and believes and based thereon alleges, that the Complaint and each purported cause of action contained therein is barred because of the failure to join necessary and/or indispensable parties.

**ANSWER TO COMPLAINT**

1

**SIXTH AFFIRMATIVE DEFENSE**

2

(Laches)

3

6.      As a sixth separate and affirmative defense, Defendant alleges the Complaint is

4

barred because of the doctrine of laches.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

(Set Off)

7

7.      As a seventh separate and affirmative defense, Defendant alleges that Plaintiff's

8

damages, if any, should be offset by all damages suffered by Defendant as a result of Plaintiff's

9

wrongful conduct.

10

**EIGHTH AFFIRMATIVE DEFENSE**

11

(Release)

12

8.      As an eighth separate and affirmative defense, Defendant alleges that the

13

Complaint, and each purported cause of action contained therein, is barred because Plaintiff has

14

released Defendant from any liability for such claims.

15

**NINTH AFFIRMATIVE DEFENSE**

16

(Waiver)

17

9.      As a ninth separate and affirmative defense, Defendant alleges that Plaintiff, by its

18

knowledge, statements, and conduct, and the knowledge, statements and conduct of its agents, has

19

voluntarily, expressly, or impliedly waived its right to assert any claim against Defendant as

20

alleged in the Complaint.

21

**TENTH AFFIRMATIVE DEFENSE**

22

(Consent)

23

10.      As a tenth separate and affirmative defense, Defendant alleges that Plaintiff

24

consented to the actions now complained of in the Complaint.

25

/ / /

26

/ / /

27

/ / /

28

- 3 -

**ANSWER TO COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     As a eleventh separate and affirmative defense, Defendant alleges that Plaintiff is estopped from asserting the claims asserted in the Complaint because Plaintiff engaged in acts, omissions, silence, and other conduct inconsistent with the claims Plaintiff now alleges.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent and/or Conditions Subsequent)

12.     As a twelfth separate and affirmative defense, Defendant alleges that each alleged cause of action in the Complaint related to an agreement or contract, if any, is barred by reason of Plaintiff's failure to perform or satisfy one or all conditions precedent and/or subsequent to such agreement or contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

13.     As a thirteenth separate and affirmative defense, Defendant alleges that the contractual agreements alleged by Plaintiff are unenforceable due to the failure of consideration for those agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     As a fourteenth separate and affirmative defense, Defendant alleges that Plaintiff is guilty of wrongful conduct in connection with the subject matter of this action and, therefore, is precluded from relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

15.     As a fifteenth separate and affirmative defense, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff had actual and/or constructive knowledge of the circumstances, events and transactions on which the Complaint is based; expressly and/or impliedly accepted those circumstances; and, therefore, ratified the conduct over which it now complains.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Mistake of Law and/or Fact)

3       16.     As a sixteenth separate and affirmative defense, Defendant alleges that any

4   agreements, obligations or duties Plaintiff seeks to enforce are unenforceable because of unilateral

5   and/or mutual mistake of law and/or fact.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7

(Reasonableness and Good Faith)

8       17.     As a seventeenth separate and affirmative defense, Defendant alleges that he acted

9   reasonably and in good faith at all times material herein based on all relevant facts and

10  circumstances known by him at the time he so acted.

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12

(Failure to Mitigate)

13      18.     As an eighteenth separate and affirmative defense, Defendant alleges that Plaintiff

14  has failed to use reasonable care to reduce and minimize as much as reasonably possible the

15  damages, if any, brought about by the acts, events and circumstances alleged in the Complaint, and

16  by such failure to mitigate damages, Plaintiff was the direct and proximate cause of the damages,

17  if any, sustained.

18

## NINETEENTH AFFIRMATIVE DEFENSE

19

(Justification and Privilege)

20      19.     As a nineteenth separate and affirmative defense, Defendant alleges that his

21  conduct in acting as he did was at all times privileged and justified by the responsibilities imposed

22  upon him pursuant to the terms of any agreements with Plaintiff and/or the lawful economic

23  interests of all parties.  Any action by Defendant was undertaken to further those responsibilities

24  and by reason thereof, is excused, barring Plaintiff from any recovery herein.

25  / / /

26  / / /

27  / / /

28

**ANSWER TO COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Do Equity)

20.     As a twentieth separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to any or all equitable remedies sought except to the extent such equitable remedies can be effected without prejudice to the equitable rights held by Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Damage)

21.     As a twenty-first separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because Plaintiff was not harmed by any of the alleged actions of Defendant and Plaintiff has failed to state a claim for which general or special damages may be granted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Other Defenses)

22.     As a twenty-second separate and affirmative defense, Defendant has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, separate defenses, available.  Defendant reserves the right to amend this answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through clarification of the Complaint, through discovery, or through further legal analysis of Plaintiff's positions or claims in this litigation.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by reason of its Complaint and that the Complaint be dismissed with prejudice;

2.     That Defendant be awarded judgment in this action;

3.     For costs of suit herein incurred; and

4.     For such other and further relief as this Court may deem just and proper.

DATED:  July __31__, 2017                    HAMPTONHOLLEY LLP

By:     _____
                George L. Hampton IV
                Attorneys for Defendant Uchechi Opaigbeogu

- 6 -

ANSWER TO COMPLAINT

1

**PROOF OF SERVICE**

2

3    I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is 2101 East Coast Highway, Suite 100,
4    Corona del Mar, California 92625.

5    On July 31, 2017, I served the within document(s) described as:

6    DEFENDANT UCHECHI OPAIGBEOGU'S ANSWER TO COMPLAINT

7    on the interested parties in this action as stated below:

8    BALBOA CAPITAL CORPORATION
Michelle A. Chiongson (SBN 221740)
9    575 Anton Boulevard, 12th Floor
Costa Mesa, CA 92626

10

T: (949) 399-6303
11   F: (949) 224-2703

12

|X|  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope
13   addressed as set forth above.  I placed each such envelope for collection and mailing
following ordinary business practices.  I am readily familiar with this Firm's practice for
14   collection and processing of correspondence for mailing.  Under that practice, the
correspondence would be deposited with the United States Postal Service on that same day,
15   with postage thereon fully prepaid at Corona del Mar, California, in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if
16   postal cancellation date or postage meter date is more than one day after date of deposit for
mailing in affidavit.

17

I declare under penalty of perjury under the laws of the State of California that the
18   foregoing is true and correct.

19   Executed on July 31, 2017, at Corona del Mar, California.

20

_____        _____
21       Barbara Goodwin
(Type or print name)                    (Signature)

22

23

24

25

26

27

28

- 1 -

EXHIBIT B

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

HAMPTONHOLLEY LLP
George L. Hampton IV (SBN 144433)
Colin C. Holley (SBN 191999)
2101 East Coast Highway, Suite 100
Corona del Mar, California  92625
Telephone: 949.718.4550
Facsimile: 949.718.4580
E-mail:   ghampton@hamptonholley.com

ATTORNEY(S) FOR:  Defendant Uchechi Opaigbeogu

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BALBOA CAPITAL CORPORATION, a California corporation, | CASE NUMBER: |
|---|---|
| Plaintiff(s), | |
| v. | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** (Local Rule 7.1-1) |
| UCHECHI OPAIGBEOGU, et al., | |
| Defendant(s) | |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for          Defendant Uchechi Opaigbeogu
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Balboa Capital Corporation | Plaintiff |
| Michelle A. Chiongson, Esq. | Attorney for Plaintiff |
| OPAIGBEOGU MHT LLC | Defendant |
| Uchechi Opaigbeogu | Defendant |
| George L. Hampton IV, Esq. | Attorney for Defendant Uchechi Opaigbeogu |

July 31, 2017
Date

Signature

Attorney of record for (or name of party appearing in pro per):

Defendant Uchechi Opaigbeogu

1

**PROOF OF SERVICE**

2

3      I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is 2101 East Coast Highway, Suite 100,
4      Corona del Mar, California 92625.

5      On July 31, 2017, I served the within document(s) described as:

6      NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY

7      on the interested parties in this action as stated below:

8      BALBOA CAPITAL CORPORATION
Michelle A. Chiongson (SBN 221740)
9      575 Anton Boulevard, 12th Floor
Costa Mesa, CA 92626

10

T: (949) 399-6303
11      F: (949) 224-2703

12

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope
13      addressed as set forth above.  I placed each such envelope for collection and mailing
following ordinary business practices.  I am readily familiar with this Firm's practice for
14      collection and processing of correspondence for mailing.  Under that practice, the
correspondence would be deposited with the United States Postal Service on that same day,
15      with postage thereon fully prepaid at Corona del Mar, California, in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if
16      postal cancellation date or postage meter date is more than one day after date of deposit for
mailing in affidavit.

17

I declare under penalty of perjury under the laws of the State of California that the
18      foregoing is true and correct.

19      Executed on July 31, 2017, at Corona del Mar, California.

20

21      _____                    _____
George Hampton                                                      (Signature)
(Type or print name)

22

23

24

25

26

27

28

- 1 -